**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

F.D. CONSEILLANT,

                Petitioner,

    v.                                                           No. 03-CV-685
                                                                  (LEK/DRH)

MICHAEL McGINNIS, Superintendent,
Southport Corr. Facility,

                Respondent.
_____

**APPEARANCES:**                                        **OF COUNSEL:**

F.D. CONSEILLANT
Petitioner Pro Se
No. 98-A-2204
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871-2000

HON. ELIOT SPITZER                          SENTA B. SIUDA, ESQ.
Attorney General for the                    Assistant Attorney General
   State of New York
Attorney for Respondent
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER.**[1]

     Petitioner pro se F.D. Conseillant ("Conseillant") is currently an inmate in the custody

of the New York State Department of Correctional Services (DOCS) at Southport

---

    [1] The matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

Correctional Facility. Conseillant was found guilty on August 31, 1999 of two counts of promoting prison contraband in the first degree and four counts of assault in the second degree after a bench trial in Cayuga County Court and was sentenced as a persistent felony offender to a total indeterminate term of twenty years to life imprisonment. Conseillant now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that he did not knowingly waive his right to counsel during trial due to a mental illness. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On February 15, 1999, while confined at the Auburn Correctional Facility, Conseillant repeatedly stabbed another inmate in the back of the head with four pens bound together. Ex. 4 at 34-37; Ex. 5 at 76-79.[2] As corrections officer Anthony Volpe restrained Conseillant in an attempt to prevent further injury to the other inmate, Conseillant stabbed Volpe in the right side of his head with the pens. Ex. 4 at 38; Ex. 5 at 76-79.  The other inmate was brought to the facility hospital for treatment for puncture wounds to the back of his head. Ex. 4 at 40. Volpe was treated for hematoma and an accumulation of blood under the skin on the side of his head. Id.  After the assault, Conseillant was placed against the bars of a cell and a wrapped package containing a half tweezer fell from Conseillants pocket. Id.  at 114.

Conseillant was indicted, tried, convicted, and sentenced as indicated above. The Appellate Division affirmed Conseillant's conviction. People v. Conseillant, 289 A.D.2d 1048 (4th Dep't 2001). Leave to appeal to the Court of Appeals was denied on June 12, 2002.

---

[2] "Ex." followed by a number refers to the exhibits included with respondent's answer. Docket No. 12.

People v. Conseillant, 98 N.Y.2d 674 (2002). This action followed.

## II. Discussion

### A. AEDPA Standards

A federal court may grant habeas relief only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) (1996). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law . . . ." Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., writing for the Court in Part II of her opinion).

Under the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. To adjudicate a claim on the merits, the state court need not mention the argument raised or cite relevant case law,' or even explain[ ] its reasoning process.' Rather, a state court adjudicates a claim on its merits by (1) disposing of the claim on the merits,' and (2) reducing its disposition to judgment.'" Eze v. Senkowski, 321 F.3d 110, 121 (2d Cir. 2003) (quotations omitted).

Here, the appellate division adjudicated this claim on the merits and adequately set forth the reasons for rejecting Conseillant's claim. Because the appellate division adjudicated Conseillant's claim on the merits, the deferential standard of 28 U.S.C. §

3

2254(d)(1) should be applied. The appellate division held that the trial court conducted a "sufficiently searching inquiry" of the defendant and did not err in permitting Conseillant to waive his right to counsel and proceed pro-se with the assistance of an attorney acting as his legal advisor. See Conseillant, 289 A.D.2d at 1048.  This determination was thus made on the merits and was not an unreasonable application of clearly established federal law. On this basis alone, then, Conseillant's petition should be denied.

### B. Self Representation

The Sixth Amendment provides that all criminal defendants have the right to the assistance of counsel for their defense. U.S. Const. amend. VI; Gideon v. Wainwright, 372 U.S. 335, 344 (1963). A defendant may proceed at trial without the assistance of counsel if he or she has "clearly and unequivocally" made a competent, knowing, and intelligent waiver. Godinez v. Moran, 509 U.S. 389, 396 (1993); Faretta v. California, 422 U.S. 806, 835 (1975); Williams v. Bartlett, 44 F.3d 95, 99-100 (2d Cir. 1994). A court must ensure that the decision to proceed with self-representation showed a "purposeful choice reflecting an unequivocal intent to forego the assistance of counsel" and warn the defendant of the dangers and disadvantages of self-representation.  Faretta, 422 U.S. at 835; Dallio v. Spitzer, 343 F.3d 553, 561 (2d Cir. 2003).

The validity of the waiver depends on examination of all the surrounding circumstances, including the experiences, background, and conduct of the defendant, the defendant's understanding of the choice either to proceed with counsel or pro se; the defendant's understanding of the advantages of being represented by one trained in the law; the defendant's capacity to make an intelligent choice; and the colloquy between a

4

court and a defendant concerning that choice. United States v. Hurtado, 47 F.3d 577, 583 (2d Cir. 1995). An intelligent waiver does not require a court to ascertain if the accused has the skill or knowledge of a lawyer. Faretta, 422 U.S. at 835; United States v. Tracy, 12 F.3d 1186, 1191 (2d Cir. 1993).

At his arraignment on May 25, 1999, Conseillant was represented by his assigned counsel, Douglas Bates. Ex. 2 at 1. Bates was present at a July 13, 1999 hearing when Conseillant stated that he wished to appear pro se. Ex. 3 at 6. The court then advised Conseillant that Bates was knowledgeable in criminal procedure; that if Conseillant proceeded pro se he would be bound by the rules of evidence; and that Bates would be at his table during the trial to advise Conseillant. Ex. 3 at 6-7. The court also cautioned Conseillant against self-representation and recommended that he allow Bates to represent him at trial. Ex. 3 at 7-8.

At the start of the trial on August 30, 1999, Conseillant again requested that he represent himself. Ex. 4 at 6. The court questioned Conseillant as to his education and experience, and Conseillant responded that he had defended himself nine times in the past including the case for which he was originally incarcerated; he was thirty years old; he had dropped out of school in junior high school; and he was capable of pointing out the facts of this case in defending himself. Ex. 4 at 7-8. The court explained that the prosecution had to prove Conseillant's quilt beyond a reasonable doubt, that he was entitled to cross-examine the prosecution's witnesses and to call his own witnesses. Id. at 8; Ex. 8 at 18. The court added that Conseillant would have a better chance if he had a lawyer represent him rather than representing himself. Ex 4 at 8. Conseillant stated that he had the experience to represent himself and expressed to Bates that he understood the judge's statements. Ex. 4

5

at 8-9. Conseillant continued to assert this right throughout the trial. Ex. 8 at 224, Ex 9. at 237-38.

Conseillant demonstrated his ability to understand the nature of the proceedings prior to the trial court's grant of his request to proceed pro se.  Conseillant questioned the specificity of the indictment and cited N.Y. Crim. Pro. Law § 200.50. Ex. 3 at 2-3. At trial, Conseillant made an opening statement, called into question the credibility of the prosecution's witnesses, introduced evidence, questioned the victim's injuries, presented witnesses on his own behalf, and, overall, presented a reasonable defense to the charges. Conseillant testified as to the incident during a direct examination conducted by Bates. Ex. 10 at 332-44; Ex. 11 at 345-53. The court gave Conseillant a considerable amount of leeway in the presentation of his defense.

Conseillant was fully aware of the dangers of self-representation as he had represented himself at his prior criminal trial. People v. Conseillant, 265 A.D.2d 179 (1st Dep't 1999). In that case, the appellate division rejected Conseillant's contention on direct appeal that, as he contends here, his waiver of the right to counsel was not voluntary. Id. In addition, Conseillant has significant litigation experience, having filed at least seven prior federal actions pro se since 2000.[3]  Conseillant had several prior felony convictions dating back to 1986. See Ex. 13 at 7-10. Conseillant was, therefore, well aware of the nature of legal proceedings and their consequences.

Conseillant did not raise the issue of mental competency on direct appeal but first presented it in his motion to vacate the judgment. There is nothing in the record that

---

[3] See U.S. Party/Case Index (visited Dec. 16, 2004) http://pacer.uspci.uscourts. gov/cgi-bin/ dquery.pl.

indicates that Conseillant did not have the capacity to make a knowing, voluntary, and intelligent waiver of his right to the assistance of counsel. A court has no obligation to determine competency when no reasonable grounds to doubt competency are evident. Pate v. Robinson, 383 U.S. 375, 385-86 (1966); United States v. Nichols, 56 F.3d 403, 414 (2d Cir. 1995). There were not sufficient indications of incompetence to require the court, sua sponte, to order an evaluation. Conseillant's behavior during trial was normal and he responded in a direct and clear manner to questions posed to him. The record shows that Conseillant had the capacity to understand the nature and object of the proceedings against him.

From a view of all the circumstances in this case, Conseillant's waiver of the right to counsel was knowingly and voluntarily made. The court sufficiently warned him of the dangers and disadvantages of self-representation, and his lack of skill and ability did not provide a basis on which to deny his request to proceed pro se. Therefore, in the alternative, the petition should be denied on the merits.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**; and

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS,

892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED: March 18, 2005
         Albany, New York

                                      */s/ David R. Homer*
                                      United States Magistrate Judge